The District Court, in this case, erred by allowing irrelevant and prejudicial evidence at trial that painted Mr. Devers as a drug abuser and supplier of drugs to an underage prostitute. In this case, that evidence or the error cannot be considered to be harmless because of the pervasiveness of additional prejudicial material that injected the trial. Why is that the case? If you assume arguendo that your position is correct about the reference to the drug use and let's go on to the violence as well. In this case, there was very substantial evidence against him with respect to the Mann Act violation. The District Court gave a limiting instruction regarding the use of the evidence and the Court also instructed the jury that he was not on trial for anything other than what was alleged in the indictment. Why isn't that harmless error? Yes, Your Honor. As far as the drug evidence, the Court gave the instructions at the end when it was instructing the jury at the very end. Now, so that is That's when they always give those instructions, isn't it? Right. But there wasn't an instruction given immediately upon the presentation of the evidence. Another important point to bear in mind is that the evidence was pervasive and very detailed. It was pervasive in as much as both star government witnesses, the underage prostitute, as well as Detective Stanton, talked about this drug abuse and supplying drugs to an underage prostitute. Number two, it was detailed in as much as both of them talked about the way it was consumed and also the way that the drugs were prepared to. The government also exploited the evidence of drug abuse and drug supply to the minor prostitute in its closing argument. Another point that's also very important to keep in mind is that, again, the matter, this is not harmless in this case because we have other evidence that is clearly prejudicial in this case. Do you have any case log, counsel, that would substantiate your argument? Well, Your Honor, I think that the Mayans case, where the Court obviously sets out what the standard is, I think certainly that proves my point. Now, it's important to note, before I get into Mayans, that the government is arguing now, for the first time on appeal, that this evidence is inextricably intertwined to the substance of the offense. That position, however, must fail because of, well, two reasons. Number one of which I forgot to ask you. Do you want to save any time for rebuttal? I do, Your Honor. If the Court could give me two minutes, that would be greatly appreciated. In this case, it was not part of the transaction as far as the prostitution, and the government did not present evidence linking, although the government tried to argue on appeal, that this was part and parcel of keeping control over the young prostitute. The government did not present evidence at the trial of the young    prostitute. And I think that the government is arguing, on a general level, that there was a case. The second matter of argument is that it's waived, then? Not necessarily, Your Honor. I'm not arguing necessarily waiver. My point simply is that the government's position that it is inextricably intertwined is just far-fetched. I think that it's simply not. I understand your belief about that, but I'm just saying whether or not it's far-fetched is your point that they didn't raise it at trial, and they're raising it for the first time on appeal, and therefore, they can't do it because it's waived. Do you think we can consider it at all? Well, my argument would be that the Court shouldn't consider it. I don't think the Court ought to consider it. It is raised for the first time on appeal. The theory that the government had at the trial stage was certainly a different theory than what is now being presented on appeal. And the ---- Excuse me, counsel. With respect to the limiting instruction, an instruction was given at the end of the case, correct? Yes, it was. And at the time that the evidence was admitted, you didn't request a limiting instruction at that time, is that correct? Well, Your Honor, I wasn't trial counsel. Trial counsel ---- I understand, but I mean, the counsel representing your client did not request a ---- Did not request it, Your Honor. And what is your position with respect to the marijuana use in light of the nature of the case and in light of all the other evidence that came into the case? What about the use of marijuana is so prejudicial as to render the case, the trial, unfair? Well, again, Your Honor, I think that in this case it was because of two things. One, because it was ---- it permeated the trial. It was discussed by both star witnesses of the government. It was also discussed by the government in closing. It was detailed also. It was discussed. As I understand your argument, and the government is raising it, as you suggest, for the first time, that it was inextricably intertwined and that it was part of the way in which he could exercise theoretically some control over the woman in this case. Is that correct? That's what your argument is? The government ---- So that's one inference that the government says, well, this is what the jury could draw and this is how it would be relevant. Now, I understand they didn't say that below, but they say that now. What's the inference that you think that the jury could have drawn that would be so unfairly prejudicial as to make the case so unfairly to make the trial an unfair one? Well, I think that two things. One, that he's a drug addict and abuser, that Mr. Deavers is a drug addict and abuser. And number two, that he is supplying drugs to the minor. Now, but in light of ---- and accepting that, in light of the fact that he's using marijuana, he's giving marijuana to somebody else to use, an underage person, but in light of the nature of the case, that this is in essence a pimping case where he's in essence using her as a prostitute and profiting from it. And there was evidence in the case that he had sex with her, and she's an underage woman, correct? She was at the time, yes. And there was also allegations that there was violence in the case or that she had witnessed violence. And so in that context, when you see the nature of the case and the other evidence that came in, is the fact that they smoked marijuana together that prejudicial such as to render the entire proceeding unfair? Well, I think that the Court's question goes to the very heart of the matter. And that's precisely why I'm arguing that this evidence was not harmless, because there was no necessity to present evidence that ---- and it was prejudicial to present evidence that he did have sex with this girl, especially after there was also evidence, length evidence, concerning the fact that she had a horrible childhood. But in those instances, counsel, those were not objected to. They were not. Nonetheless, Your Honor, in my brief, I am not presenting them as a separate error. I am presenting them, however, as a way in which I am trying to rebut the claim that the error was the error concerning the entry of the narcotics, that the error was objected to. It was not. But there was certainly incendiary evidence that was presented at trial concerning the fact that Mr. Deavers was turning, as the detective put it in this case, into a, quote, gorilla pimp, that he beat his girlfriend repeatedly, although she wasn't the subject of the ---- of any of the claims in the indictment. Mr. Valadares, if you want to save the remainder of your time for rebuttal, and we'll have Mr. Quarles, I believe that's correct, right? Good morning. May it please the Court, Brian Quarles from the United States. I would ask that you affirm Appellant's convictions, because neither of the challenges that he raises merit the relief he seeks. Let me first dismiss with the argument that was raised just here recently that the government may have waived or somehow prohibited from raising the argument that the challenged evidence is inextricably intertwined. I would cite this Court to the case of United States v. Nichols, found at 464 F. 3rd, 1117, which this Court held the Court can affirm on any ground supported by the record, even if it differs from the rationale of the district court. I would submit that in this case, there's not only a strong legal basis to determine and conclude that the evidence is inextricably intertwined, there's also a factual basis. As Your Honor alluded to, in this case, it's more than just transportation of a minor to engage in prostitution. It is very hard. This case is about control and influence. Excuse me, Counsel. Below, when there was an objection to the evidence concerning the marijuana use, the government prosecutor at that time indicated that it was being offered for credibility. You're correct, Your Honor. And it would be our position that we're not submitting that that was the proper basis to admit the evidence. Do you agree at this point that that was not a proper basis for the admission of the evidence? Our position, Your Honor, is that at that time, because during the opening statement the defendant challenged the credibility of the witness, it seemed like a proper basis to admit the evidence. Was it, though? Under what analysis would it have credibility? How does that make evidence relevant? Because during the opening statement, the defense counsel challenged the veracity of T.W., the minor witness in this case, and that she would say inconsistencies. So based on that premise, the government counsel then introduced this evidence to rebut the impeach that that witness would be impeached regarding her credibility. We have not argued that on appeal, however, Your Honor, and we think the stronger argument is that the evidence is inextricably intertwined with the charge of defense. Then have you abandoned the credibility argument? We have abandoned the credibility argument. Then with respect to the inextricably intertwined, certainly in your papers, there are inferences that one could draw, perhaps, from the record that this was used for certain reasons, but at anywhere did the woman, T.W., ever testify that she engaged in the acts that she did because she wanted the marijuana or because her inhibitions were loosened because of the marijuana? Is there any evidence in the record that supports that? Not the position that Your Honor raises. However, it's important to keep this in proper context. Detective Stanton, who was qualified as an expert regarding to the prostitution subculture of juveniles, testified that max or sweet max foster an intimate relationship with the prostitute that may include promises, giving the T.W. testified, it exerts a record, 427, that a palant would offer her money and would give, excuse me, take her money and give her anything she needed. So I'll submit by inference, because the pimp was in control of whatever she needed and she received the marijuana as something that she wanted or desired, it's part of the control and influence that the palant influenced T.W. to work as a prostitute. Does the government agree with the defense contention that the concept of the objected items being inextricably intertwined was not raised at trial? In other words, do you agree that the government did not raise the inextricably intertwined argument at trial? I agree with that, Your Honor. What impact, if any, do you think that has on our ability to consider it on appeal where it was not raised at the trial level? Again, Your Honor, I would submit that despite the fact that it wasn't raised at the district court level, it doesn't mean that this Court can't consider it because there is adequate record evidence to support it. However, should this Court disagree with the government's position, any error that was committed certainly would be considered harmless error considering the overwhelming nature of the evidence. Okay. That's what I spoke to the defense counsel about earlier and inquired. Do you have any authority on the harmless error element of this? Your opposing counsel cited authority that he says makes that inapplicable in this case. Does the government have any response to that? No. I would submit the strongest case to support the government's position is this Court's decision in United States v. Williams. And in that case, found in subject 291F3-1180, this Court upheld evidence of defendant's violent assaults on his prostitutes as evidence inextricably intertwined to show how the defendant controlled the prostitutes in a prosecution for inducing interstate travel to engage in prostitution. So, in effect, the government is saying that even if it didn't raise the harmless error below, that Williams makes this harmless error nonetheless? That's correct. Because of the massive amount of evidence that controls every other element that's necessary to prove this crime. Yes, Your Honor. And also keeping in mind the defense at trial, as patently incredible as it was, was that appellant did not influence or control T.W. to work as a prostitute. It obligated the government, therefore, to introduce evidence that demonstrated that the appellant, in fact, controlled and influenced her. And that motivated the government in introducing this evidence. I'm not quite following that. You have a case in which the prostitute said that the defendant transported her across State lines for the purpose of prostitution. She testified to that. Isn't that true? That's correct, Your Honor. And you've got Stanton, and Stanton interviewed the defendant. The defendant made certain admissions to Stanton. Is that correct? That's correct, Your Honor. He testified to that. Yes. Now, if the jury believes Stanton and the prosecutor, then the defendant is guilty. Isn't that right? I would agree with that, Your Honor. And why are you bringing in all of this stuff about marijuana and the expert to testify as to what pimps do with the girls and all of it? What does all that got to do with any of it? Why don't you just try the case on the evidence? And the evidence favors you. I mean, Your Honor, because I think that this is a soap culture that a lot of lay people, a lot of jurors, we can't expect would necessarily understand. That's why Detective Stanton was qualified as an expert to testify regarding the soap culture of prostitutes and how pimps employ psychological tools to control and influence them. And the jury is going to say, well, what did this fellow do? And then they listen to the prosecutor or the prostitute, and they listen to Stanton, and they found out what he did, and that's all they want to know to make their guilty verdict, it seems to me. Your Honor, I think they have to put things in the proper context. And to Your Honor's point, the judge did instruct the jury on two separate occasions regarding the proper use of the evidence that was considered other acts or the marijuana use and the violence. So I think that even assuming the jury heard this, which certainly it did, the instructions put the evidence in its proper context. Any further questions? Again, I would ask that you affirm McClellan's convictions. Thank you very much, Mr. Krauss. Mr. Valladares. Thank you very much. And a couple of things that I think are important to go ahead and bear in mind. Number one, in this case, it's not a situation where this is slam dunk for the government. In fact, count number three resulted in an acquittal. So clearly, the jury found that there were some issues dealing with credibility and what have you. And it's my position that if the jury would not have had the type of evidence that came in here concerning the marijuana, concerning the defendant turning into a gorilla pimp, which, again, is very highly inflammatory, and the defendant engaging in beatings of other women, et cetera, that the jury may have acquitted on counsel one and two, for all we know. Going back to what Your Honor raised, the only thing that we are saying here is that the case should have been tried on the evidence. And that's it. As opposed to bringing in here evidence of narcotics use, evidence of the defendant turning into or going from a Dr. Jekyll to a Mr. Hyde, going from this sweet Mac pimp to the gorilla pimp. I tend to agree with you that the government brought in a lot of evidence that there's no point in bringing into this trial at all, as far as I can tell. But your task is to show, well, why isn't that harmless in view of the otherwise overwhelming nature of the case? And again, Your Honor, I point to the fact that in this case the jury did find there were some credibility issues. The jury did find an acquittal as to count number three. Should all the evidence not have been brought in, as it was, all the prejudicial and irrelevant evidence, maybe the jury would have acquitted on all counts. Thank you very much, Mr. Valladares. The case of United States v. Evers is submitted.
judges: Thompson, Smith, Hayes